Filed 12/9/15  P. v. Susoeff CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yuba)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>MARK CLAYTON SUSOEFF,<br><br>Defendant and Appellant. | C076418<br><br>(Super. Ct. No. CRF130507) |

Appointed counsel for defendant Mark Clayton Susoeff asked this court to review the record to determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Finding no arguable error that would result in a disposition more favorable to defendant, we affirm the judgment.  We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

1

On August 31, 2013, defendant met his girlfriend Anita outside a Walmart. They argued, defendant hit Anita in the head and face, knocking out one of her teeth. Anita called the police and reported the attack. Defendant was later arrested. When defendant was taken into custody, the police found methamphetamine and marijuana in the backpack he was carrying.

The People charged defendant in Yuba County Superior Court case No. CRF-13-507 (case No. 507) with abuse of a cohabitant resulting in a traumatic condition (Pen. Code, §§ 273.5, subd. (a), 12022.7, subd. (e)--count 1) and possession of paraphernalia for injecting or smoking a controlled substance (Health & Saf. Code, former § 11364.1--count 2)[1]. Defendant pled no contest to abuse of a cohabitant, resulting in a traumatic condition. In exchange, the People agreed defendant would serve no more than three years in state prison and the remaining charge would be dismissed. The People also agreed to postpone sentencing to allow defendant the opportunity to complete a drug treatment program, which, if he completed it successfully, would permit defendant to argue for probation at sentencing. Defendant was immediately transported to the Salvation Army drug treatment facility.

Defendant failed to appear at the next hearing and his release on his own recognizance was revoked without bail. At that hearing, the court learned defendant left the Salvation Army drug treatment program. When defendant appeared in court on September 27, 2013, he was taken into custody and ordered to return to court on October 16, 2013. The matter was continued twice in light of new charges pending in

---

[1] Statutes 2011, chapter 738, section 11; repealed by Statutes 2014, chapter 331, section 9.

2

Yuba County Superior Court case No. CRF-13-563 (case No. 563), then set for judgment and sentencing.

On December 2, 2013, defendant asked the trial court for another opportunity to participate in a drug treatment program, to find that his was an unusual case, and grant him probation. The court refused and defendant asked that the matter be continued to allow him to file a motion to withdraw his plea. Defendant did not file a motion to withdraw his plea, and sentencing was continued another four times.

On April 7, 2014, defendant appeared for judgment and sentencing. Defendant argued this was an unusual case, warranting a grant of probation. The trial court was not persuaded by defendant's argument and sentenced him in case No. 507 to serve an aggregate term of five years in state prison and awarded him 311 days of custody credit. In case No. 563, the trial court sentenced defendant to serve three years concurrently with his sentence in case No. 507 and awarded him 389 days of custody credit. The court also ordered defendant to pay various fines and fees in both cases.

Defendant appeals without a certificate of probable cause.

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and we received no communication from defendant. Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.

/s/
_____
HOCH, J.

We concur:


/s/
_____
NICHOLSON, Acting P. J.


/s/
_____
BUTZ, J.

4